IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-50 |
| | ) | (JORDAN/GUYTON) |
| ARNOLD R. SCHMID, and | ) | |
| KATHLEEN SCHMID, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the government's Motion for the Appointment of Standby Counsel at the Defendants' Expense [Doc. 61], filed on September 19, 2005. The Court held a pretrial conference and motion hearing on this matter on September 29, 2005. Attorney Jay Nanavati of the United States Department of Justice, Tax Division, was present for the government. The defendants were not present, nor are they represented by counsel.

In its motion [Doc. 61], the government asks this Court to deem the defendants' refusal to accept appointment of counsel to be a waiver of their Sixth Amendment right to counsel. It also moves the Court to appoint standby counsel for each defendant at the defendants' expense. The defendants have filed a document entitled Verified Rebuttal Affidavit

1

in the Truth [Doc. 66], which appears to respond to the government's motion. In their response, they deny that they have waived their Sixth Amendment rights. In an earlier document [Doc. 57], the defendants stated that they do not agree to represent themselves but that they would not accept any court-appointed attorney because they consider such an attorney to be biased in favor of the government.

Pursuant to the Sixth Amendment, any individual tried in a federal court must be given the right to assistance of counsel in order for conviction and punishment to be valid. Faretta v. California, 422 U.S. 806, 807 (1975). Conversely, "the Sixth Amendment right to the assistance of counsel embodies a "correlative right to dispense with a lawyer's help.'" Id. at 814 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)). "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." Id. at 819 (observing that the right to self-representation is implied by the structure of the Sixth Amendment). Thus, the Supreme Court has held that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent. Id. at 835 (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)).

As pointed out by the government, a defendant may not avoid making the choice between representation by counsel and self-representation in order to delay the trial. See United States v. Clemons, No. 97-6267, 1999 WL 196568, *5 (6th Cir. Mar. 30, 1999). "A defendant's refusal to accept one of those options does not create a safe haven from criminal proceedings." Id. Instead, after advising the defendant of the potential pitfalls of representing him or herself, the Court may treat a subsequent refusal of counsel as the "functional equivalent" of a valid waiver of the Sixth Amendment right to counsel. Id.

2

This Court has strongly advised the present defendants that it believes that they should retain counsel to represent them. The defendants are facing serious charges and lengthy potential sentences if convicted, as the government explained at their August 11, 2005 arraignment. As evidenced by their myriad filings, the defendants are uneducated in the law and court procedure. Nonetheless, if the defendants do not retain counsel, they will be expected to abide by the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and all local rules. Moreover, neither this Court nor the District Judge Jordan, who will preside over their trial, will be able to advise them on how to try their case. If the defendants are unwilling to retain counsel, the Court recommends that they at least hire standby counsel,[1] who would not try the case for them but would advise them about Court rules and procedures.

Because the defendants were not present at the pretrial conference, the Court did not advise them fully of the dangers of self-representation. See United States v. McDowell, 814 F.2d 245, 250-52 (6th Cir.), cert. denied 484 U.S. 980 (1987). Such further advice will be

---

[1] Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." McKaskle v. Wiggins, 465 U.S. 168, 178 (1984). The Court also observed that the defendant's right to represent himself is

> not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.

Id. at 183. The Court noted that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." Id. at 184.

3

provided by the District Court at a later proceeding. Thus, at this time, the Court cannot make a finding that the defendants have knowingly and voluntarily waived their Sixth Amendment right to counsel. The Court anticipates that such a finding will be forthcoming, though, if the defendants do not choose to hire counsel.

The government also asks this Court to appoint standby counsel for each of the defendants and to require the defendants to pay for these appointed attorneys. The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Faretta v. California, 422 U.S. 806, 834 n.36 (1975) (noting that the "State may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary"). However, the Court finds that its ability to appoint counsel, for either standby or full representation, is limited to those defendants who are indigent and cannot afford to hire their own attorneys. See 18 U.S.C. § 3006A. The present defendants have maintained at prior proceedings that they are not indigent. Additionally, there is no evidence in the record that they are indigent. Finally, the government acknowledged at the September 29 hearing that it knows of no case law permitting the Court to force non-indigent defendants to hire standby counsel. Thus, the Court also declines to grant the government's request that the Court appoint standby counsel for the defendants and require the defendants to pay for this appointed counsel.

The Court notes that Rule 44(a), Fed. R. Crim. P., provides that "[a] defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant

4

at every stage of the proceeding . . . ." The comments to this rule indicate that this right is not limited to a financial inability to gain representation: "If a defendant is able to compensate counsel but still cannot obtain counsel, he is entitled to the assignment of counsel even though not to free counsel." Fed. R. Crim. P. 44, Advisory Committee Notes to the 1966 Amendment. Nevertheless, in the present case, the defendants have not requested that the court appoint them counsel. In fact, they have stated in their filings that they would not accept any court-appointed counsel because they believe such counsel would be biased in favor of the government. The Court does not take the entitlement to counsel provided in Rule 44(a) to be a means to force defendants to pay for counsel not of their own choosing.

Accordingly, the government's Motion for the Appointment of Standby Counsel at the Defendants' Expense [**Doc. 61**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge